PROB 12B  
(08/16)

March 10, 2023  
pacts id: 8229723

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Request for Modifying the Conditions or Term of Supervision
(Probation Form 49, Waiver of Hearing is Attached)

**Name of Offender:** Erik Mondragon-Lara (Spanish)    **Dkt. No.:** 22CR02384-AGS

**Name of Sentencing Judicial Officer:** The Honorable Andrew G Schopler, U.S. Magistrate Judge

**Sentence:** Counts 1, 2, and 3: Two years' probation  *(Special Conditions:  Refer to Judgment and Commitment Order.)*

**Date of Sentence:** November 3, 2022

**Date Probation Commenced:** November 3, 2022

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO MODIFY THE CONDITIONS OF SUPERVISION AS FOLLOWS:**

**To Add:**
**(Mandatory Condition)**

The defendant must not illegally possess a controlled substance.  The defendant must refrain from any unlawful use of a controlled substance.  Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.  Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court.

**(Standard Conditions)**
The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

The defendant must answer truthfully the questions asked by their probation officer.

The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the   probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

PROB12B

| | |
|---|---|
| Name of Offender: Erik Mondragon-Lara | March 10, 2023 |
| Docket No.: 22CR02384-AGS | Page 2 |

The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full- time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

The defendant must follow the instructions of the probation officer related to the conditions of supervision.

The defendant must answer truthfully the question asked by their probation officer.


**(Special Condition)**
Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

PROB12B

| | |
|---|---|
| Name of Offender: Erik Mondragon-Lara | March 10, 2023 |
| Docket No.: 22CR02384-AGS | Page 3 |

## CAUSE

Mr. Mondragon-Lara was sentenced on November 3, 2022, to two years' probation after sustaining a conviction for three counts of 8 U.S.C. § 3, Accessory after the Fact. Special conditions of supervision include: If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States; supervision is waived upon deportation, exclusion, or voluntary departure.

Mr. Mondragon-Lara was released from the custody of Immigration and Customs Enforcement (ICE) on February 8, 2023, and he reported to the probation office following his release. As Mr. Mondragon-Lara is currently in the United States he is subject to community supervision. Mr. Mondragon-Lara is reportedly adhering to the reporting directives with the Immigration and Customs Enforcement. Therefore, it is respectfully recommended the conditions of supervision be modified as outlined above. Mr. Mondragon-Lara is in agreement with the modification request as evidenced by his signature on the attached Waiver of Hearing to Modify the Conditions of Supervised Release.

Respectfully submitted:                                    Reviewed and approved:

by: _[signature]_                                          _[signature]_

Haniel Garcia                                              Ymelda E. Valenzuela
U.S. Probation Officer                                     Supervisory U.S. Probation Officer
(619) 557-2649

Attachments:

---

### THE COURT ORDERS:

__X__   THE MODIFICATION OF CONDITIONS AS NOTED ABOVE

_____   OTHER _____

_[signature: Barbara L Major]_  for _____           **Mar 13, 2023**
The Honorable Andrew G Schopler                                      Date
U.S. Magistrate Judge

lb for bmc